**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

In re:
Med Diversified, Inc., *et. al.,*

    Debtors.

_____

CHARTWELL LITIGATION TRUST and
GREGORY L. SEGAL AS TRUSTEE OF
CHARTWELL LITIGATION,

    Plaintiffs,

    v.

ADDUS HEALTHCARE, INC., an
Illinois Corporation; W. ANDREW
WRIGHT, an Illinois Individual;
MARK S. HEANEY, an Indiana
Individual; COURTNEY E.
PANZER, an Illinois Individual; and
JAMES A. WRIGHT, an Illinois
Individual,

    Defendants.

-------------------------------------------------------X

*NOT FOR PUBLICATION*

Case No.:   02-88564
              02-88568
              02-88570
              02-88572
              02-88573

Adv. P. No.:  04-08680

Chapter 11
(Jointly Administered)

Appearances:

James M. Sullivan, Esq. (JS-2189)
MCDERMOTT WILL & EMORY LLP
Co-counsel to the Plaintiffs
50 Rockefeller Plaza
New York, New York 10020-1605

Howard J. Steinberg, Esq. (pro hac vice)
Michael H. Strub, Jr., Esq. (pro hac vice)
IRELL & MANELLA LLP
Co-counsel to the Plaintiffs
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Robert A. Scher, Esq. (RS-2910)
FOLEY & LARDNER LLP
Counsel for the Defendants
90 Park Avenue
New York, New York 10016

Scott E. Early, Esq. (pro hac vice)
Ellen Wheeler, Esq. (pro hac vice)
Jill L. Murch, Esq. (pro hac vice)
Christopher J. Werner, Esq. (pro hac vice)
FOLEY & LARDNER LLP
Counsel for the Defendants
321 N. Clark Street, Suite 2800
Chicago, Illinois  60610

**MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO POSTPONE ENTRY OF FINAL JUDGMENT UNTIL AFTER JULY 14, 2006**

The Court has repeatedly urged the parties to engage in a good faith effort to settle this litigation.  Following a recent joint post-trial conference where the Court informed the parties it had committed itself to issuing a determination on the defendants' motion to strike the report and testimony of plaintiffs' expert valuation witness, Robert Cimasi, by July 1, 2006, excluding Cimasi's expert report and testimony on the ground that his application of the standard methodologies evinced repeated instances of bias and therefore unreliability, the Court received a supplemental memorandum from plaintiffs' counsel.  Today the Court received this motion in which defendants sought an opportunity for further settlement discussions, and failing that, a reply to plaintiffs' most recent supplemental memorandum.

Under the circumstances, the Court will grant the *ex parte* motion on the ground sufficient cause has been stated for it. The defendants will have until July 14, 2006 to submit a reply memorandum to plaintiffs' most recent submission of a supplemental memorandum regarding reasonably equivalent value. The Court will postpone entry of a final determination until after that date.

In connection with any settlement negotiations, the parties may wish to give sufficient weight to the following facts:

1. The parties stipulated to the efficacy of the Black-Scholes method for valuing the alleged option granted by Addus to Med Diversified.

2. Cimasi valued the option at $2.9 million in his report.

3. Under the terms of the Stock Purchase Agreement, any failure on the part of Med Diversified to close on the transaction would result in $1 million in stipulated liquidated damages to Addus.

If one were to accept Cimasi's valuation of the option, notwithstanding the Court's own deep reservations about this method as applied to the alleged option agreement, and add the $1 million in liquidated damages, and set those off against the $7.5 million transfer from the escrow account to the defendants, and the plaintiffs' prevailed on their fraudulent transfer theory, there is a certain logic to a judgment amount of damages of $3.6 million. The parties should give considerable thought to a range of settlement that centers on the $3.6 million balance.

Nothing in this Order should be considered a ruling on any other pending motions or on the final determination on the merits.

I trust you and yours will enjoy the July 4th holiday weekend – its time to play with the children.

**SO ORDERED.**

Dated: Central Islip, New York
        June 30, 2006

    *s/Stan Bernstein*
Stan Bernstein
United States Bankruptcy Judge